IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLYDE R. MCCOLLUM, JR.,

        Petitioner,

 v.                   OPINION & ORDER

STATE OF WISCONSIN,          14-cv-798-jdp

        Respondent.

---

Petitioner Clyde R. McCollum, Jr., is an inmate at the Oshkosh Correctional Institution. He seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction from the Circuit Court for Marathon County. Petitioner has paid the filing fee and this case is now before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because petitioner is proceeding pro se, I review his petition under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After conducting a preliminary review of the petition, I will give petitioner an opportunity to file an amended petition.

BACKGROUND

According to the petition and state court records, petitioner pleaded guilty to 35 counts of possession of child pornography in Marathon County Court Case No. 10-CF-718, and was sentenced to 10 years of prison and 10 years of extended supervision. He contends that he appealed the judgment of conviction to the Wisconsin Court of Appeals, which affirmed, although the court does not have access to the decision by the court of appeals. The

Wisconsin Supreme Court denied review on December 10, 2012. *State v. McCollum*, 2013 WI 6, 345 Wis. 2d 403, 827 N.W.2d 97.

ANALYSIS

Under Rule 2(c) of the Rules Governing Section 2254 Cases, a habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." This requirement is more demanding than what is required under Federal Rule of Civil Procedure 8. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). The purpose of this rule "is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243).

Petitioner alleges that the child pornography that served as the basis of his conviction belonged to his roommates, and not to him. I interpret the petition to mean that petitioner is innocent. The Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) (citing *Herrera v. Collins*, 506 U.S. 390, 400-02 (1993); *see also Gladney v. Pollard*, 799 F.3d 889, 895 (7th Cir. 2015) ("The Supreme Court has not recognized a petitioner's right to habeas relief based on a stand-alone claim of actual innocence. To win federal relief, a petitioner must show an independent constitutional violation." (internal citations omitted)). However, the Court has stated that "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera*, 506 U.S. at 404. In other words, it is not enough for petitioner to assert that he is innocent; he must show how his rights were violated.

But the allegations in the petition do not allege any constitutional claims or explain how the criminal proceedings against petitioner were constitutionally deficient. The purpose of habeas review is to protect petitioner's constitutional rights, "not to correct errors of fact." *Herrera*, 506 U.S. at 400-01. I will give petitioner an opportunity to file an amended petition to fix this problem. In his amended petition, petitioner must explain why he believes he is entitled to habeas relief and identify the constitutional problems with the criminal proceedings against him. It would be helpful to attach the court of appeals decision to understand the underlying criminal proceedings.

If petitioner fails to timely submit an amended petition identifying a violation of his constitutional rights, then I will dismiss his petition.

ORDER

IT IS ORDERED that petitioner Clyde R. McCollum may have until June 22, 2016, to submit an amended petition that complies with Rule 2(c) of the Rules Governing Section 2254 Cases. If petitioner fails to timely submit an amended petition explaining how his constitutional rights were violated, I will dismiss his petition.

Entered June 1, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge