IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLYDE R. MCCOLLUM, JR.,

                   Petitioner,

    v.                                        OPINION & ORDER

JUDY SMITH, Warden,                     14-cv-798-jdp
Oshkosh Correctional Institution,

                   Respondent.

---

Petitioner Clyde R. McCollum, Jr., is currently incarcerated at the Oshkosh Correctional Institution. He is challenging his 2011 state court conviction under 28 U.S.C. § 2254, and I have screened his habeas corpus petition. Dkt. 32. Respondent Judy Smith moves to dismiss, arguing that the petition is barred by the governing one-year statute of limitations. Dkt. 37. For reasons stated below, I will grant this motion.

ALLEGATIONS OF FACT

The court draws the following facts from McCollum's amended petition, Dkt. 27, and court filings.

McCollum was charged in Marathon County Case No. 2010-CF-718 with possession of child pornography. McCollum pleaded no contest in May 2011 and was sentenced to serve 20 years of confinement followed by 20 years of extended supervision. On direct appeal, McCollum's appointed counsel filed a no-merit report, which the Wisconsin Court of Appeals adopted, issuing an opinion and order affirming the conviction on August 7, 2012. McCollum's appointed counsel then filed a no-merit petition for review with the Wisconsin Supreme Court, which was denied on December 10, 2012. McCollum filed his habeas

petition in this court on November 19, 2014, claiming that his plea was not knowingly and voluntarily made and that his counsel was ineffective.

ANALYSIS

Respondent moves to dismiss McCollum's habeas petition, contending that McCollum filed the petition too late, so that it is barred by the statute of limitations on federal habeas review. Under § 2244(d), a petitioner has one year to petition a federal court for a writ of habeas corpus. The one-year limitations period begins to run from the latest of: (1) the date on which judgment in the state case becomes final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which any state impediment to filing the petition is removed; (3) the date on which the constitutional right asserted is first recognized by the Supreme Court, if that right is also made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claims could be discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Here, the one-year limitations period began to run from the date on which judgment in McCollum's state case became final. After McCollum's petition for review was denied by the Wisconsin Supreme Court, he had 90 days to seek review in the United States Supreme Court. This means that his one-year limitations period began running on March 10, 2013, when his time for seeking review in the United States Supreme Court expired. So McCollum's one year expired on March 10, 2014, more than eight months before he filed his habeas petition here.

The expiration of the one-year deadline is not inevitably fatal. Under *Holland v. Florida*, a petitioner is entitled to equitable tolling of the one-year limitations period if he shows that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. 560 U.S. 631, 649 (2010). McCollum bears the burden to demonstrate his entitlement to equitable tolling, which is "an exceptional remedy." *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013).

Here, McCollum contends that the court should equitably toll the time that passed between the date his state judgment became final and the date he filed his habeas petition because he did not know that he could file a habeas petition. Courts have previously rejected similar arguments. *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) ("[T]he lack of legal expertise is not a basis for invoking equitable tolling."); *United States v. Griffin*, 58 F. Supp. 2d 863, 869 (N.D. Ill. 1999) ("[A] run-of-the-mill claim of ignorance of the law is insufficient to warrant equitable tolling of § 2255's limitations period."). McCollum does not demonstrate that extraordinary circumstances prevented him from timely filing a § 2254 petition.

McCollum also contends that he is actually innocent. "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). To show actual innocence, McCollum must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). McCollum states that he is innocent because the child pornography belonged to his roommates, not him, but he presents no evidence of his innocence. This is insufficient to

demonstrate a credible claim of actual innocence. McCollum does not demonstrate that equitable tolling is available, so I will grant respondent's motion to dismiss and close this case.

Finally, under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where denial of relief is based on procedural grounds, the petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Although the rule allows me to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the briefing was adequate to resolve the procedural issue in this case. Because reasonable jurists would not otherwise debate whether a different result was required, I will not issue McCollum a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Respondent Judy Smith's motion to dismiss, Dkt. 37, is GRANTED.

2. The habeas corpus petition filed by Clyde R. McCollum, Jr., Dkt. 27, is DISMISSED with prejudice. The clerk of court is directed to enter judgment for respondent and close this case.

4

3.  Petitioner is DENIED a certificate of appealability.

Entered December 15, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge